

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00401-CR
### No. 10-07-00402-CR

**MICHAEL LOUIS ANDERSON,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court Nos. M200604025 and M200604026

## MEMORANDUM OPINION

Michael Louis Anderson was convicted of possession of marijuana under two ounces and unlawfully carrying a weapon, a club. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (Vernon 2003); TEX. PEN. CODE ANN. § 46.02 (Vernon Supp. 2008). He was sentenced to 180 days in jail for each offense. The trial court ordered the sentences to run concurrently. Anderson appealed. Because the evidence is both legally and factually sufficient to support both convictions, the trial court's judgment is affirmed.

BACKGROUND

Anderson was driving a single-cab pickup when he was pulled over by an officer from the Venus Police Department for not having a license plate light. The officer discovered that Anderson had an outstanding warrant and arrested Anderson. During a search of the pickup, the officer discovered a marijuana "roach" in the center console next to the driver's seat. Another officer discovered another marijuana "roach" behind the driver's seat. A club was also discovered behind the driver's seat.

## SUFFICIENCY OF THE EVIDENCE

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

The factual sufficiency of the evidence standard of review was recently restated by the Court of Criminal Appeals:

> In a factual-sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *accord Johnson v. State*, 23 S.W.3d at 7. Only one question is to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? *Watson*, 204 S.W. 3d at 415. Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts*, 220 S.W.3d at 524 (citing *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 11); *see also Castillo v. State*, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007). "[A]n appellate court must first be

able to say, with some objective basis in the record, that the great weight and preponderance of the . . . evidence contradicts the jury's verdict before it is justified in exercising its appellate fact jurisdiction to order a new trial." *Watson*, 204 S.W.3d at 417. A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Roberts*, 220 S.W.3d at 524. Although an appellate court has the ability to second-guess the jury to a limited degree, the factual-sufficiency review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur. *Watson*, 204 S.W.3d at 417; *Cain*, 958 S.W.2d at 410.

*Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). Further, a jury is not required to credit appellant's explanations, regardless of how reasonable they may be. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).

*Marijuana*

In his first two issues, Anderson contends the evidence is legally and factually insufficient to support his conviction for possession of marijuana. He argues the evidence was legally insufficient because there was no evidence that Anderson had possession of the marijuana because the testimony was not specific or conclusive as to who owned the vehicle, who had been driving the vehicle, or any other indication of actual possession of the marijuana. He argues the evidence is factually insufficient because he offered contrary evidence as to when the marijuana was left in the vehicle.

Anderson was the sole occupant of a single cab pickup. Anderson is seen on the video shown to the jury getting out of the driver's side of the pickup. Further, on the video, one of the officers stated that the pickup "came back" to Anderson. At trial, Anderson referred to the pickup as "my truck." One marijuana roach was found in the center console which would have been within the immediate access of the driver. The

other marijuana roach was found on the floorboard behind the driver's seat. Anderson's explanation was that the marijuana was left over from his arrest nine months earlier. He thought he had everything cleaned out of his pickup. The officer who arrested Anderson for this offense also arrested Anderson for the previous offense. Anderson was in the same pickup for the previous offense. The officer testified that the marijuana in the pickup from the previous offense was removed and was not returned to Anderson. He also testified that he believed the entire pickup had been searched.

Based on a review of the evidence in the light most favorable to the verdict, any rational trier of fact could have found that Anderson was in possession of the marijuana beyond a reasonable doubt. Accordingly, the evidence is legally sufficient. Further, the jury was not required to credit Anderson's explanation of why the marijuana was in his pickup. Considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Accordingly, the evidence is factually sufficient. Anderson's first and second issues are overruled.

*Club*

In his third and fourth issues, Anderson asserts that the evidence is legally and factually insufficient to support the conviction of unlawful carrying a weapon. Specifically, Anderson contends that there is no evidence that the instrument found met the definition of a club because he stated he used it as a walking stick and to ward off dogs. Anderson contends the evidence is factually insufficient because his explanation of the use of the instrument outweighs all evidence of guilt.

A club is defined as an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking the person with the instrument. TEX. PENAL CODE ANN. § 46.01(1) (Vernon Supp. 2008). The arresting officer described the instrument as a wooden club approximately three feet long with black electrical tape wrapped around it as if it was a handle. It was located behind the seat in Anderson's pickup. The officer believed it to be an illegal weapon because of the way it had been altered. It looked to the officer like it was a broom stick and had electrical tape around it as a handle to use when swinging it.

The instrument was admitted into evidence. It is a heavy wood piece, an inch in diameter and three feet long. It is rounded at one end and has been sawed off at the other end. The sawed end is wrapped in what appears to be a red shop towel and black electrical tape. The towel appears to extend about seven inches from the end of the sawed end of the instrument and the tape is wrapped completely around the towel and extends another inch down the instrument. The sawed end is not taped or covered but is exposed. There are no scuff marks on the rounded end of the instrument.

Anderson did not tell the officer that he used the instrument as a walking stick. He said he used it to ward off dogs. At trial, Anderson explained that he had a medical condition and that, in addition to warding off dogs, he used the instrument as a walking stick in the woods when he takes his children camping. The instrument did not look like a walking stick to the officer because it did not have a rubber piece on the bottom as a walking cane would normally have. And because there was no rubber

piece, the instrument did not have any scuff marks on the bottom of it as it would if it had been used as a walking stick.

Viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the wooden instrument met the definition of a club beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to support the conviction. Further, the jury was not required to credit Anderson's explanation of what was the instrument's use. Considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Accordingly, the evidence is factually sufficient to support the conviction. Anderson's third and fourth issues are overruled.

## CONCLUSION

Having overruled each of Anderson's issues on appeal, the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed May 6, 2009
Do not publish
[CR25]